# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **HEYDI GONZALEZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RKN HOSPITALITY**, a domestic limited liability company, d/b/a Days Inn; **MAHENDRA PATIDAR**, an individual, d/b/a Days Inn; **RITESH PATEL** an Individual, d/b/a Days Inn; **DEEPAK SAKARIA** an individual, d/b/a Days Inn; | ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq.* (hereinafter the "Fair Labor Standards Act"). The Plaintiff seeks payment for unpaid wages, overtime worked, and liquidated damages that she was deprived of, due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b). This action also asserts a claim under the Human Trafficking statute, § 13A-6-157 of the Code of Alabama. The Plaintiff seeks compensatory damages, punitive damages, treble damages and injunctive relief pursuant to § 13A-6-157.

## JURISDICTION and VENUE

1. Original jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2. Supplemental jurisdiction on the state claim is conferred upon this Court by 28 U.S.C. §1367.

3. Defendant, **RKN HOSPITALITY, LLC**, hereinafter referred to as "**DAYS INN**"; **MAHENDRA PATIDAR** hereinafter referred to as "**PATIDAR**"; **RITESH PATEL** hereinafter referred to as "**PATEL**" and **DEEPAK SAKARIA** hereinafter referred to as "**SAKARIA**" are doing business as Days Inn.

4. **DAYS INN** is an Alabama limited liability company.

5. **PATIDAR, PATEL** and **SAKARIA** are individuals resident and/or doing business in this District.

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

7. The cause of action set forth in this Complaint arose in this District.

## PARTIES

### A. Plaintiff

8. The Plaintiff, **HEYDI GONZALEZ**, hereinafter referred to as "**Plaintiff**", is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and is a former employee of the defendants.

9. During all times relevant to this Complaint, Plaintiff was an employee of the Defendants and was subject to the full protection of the Fair Labor Standards Act and was not exempt from its coverage and protection.

### B. Defendant

10. The Defendant, **DAYS INN**, is a domestic limited liability company, doing business as Days Inn, which employed the Plaintiff to labor for its benefit in this District.

11. The Defendant, **PATIDAR**, is an individual, doing business as Days Inn, which employed the Plaintiff to labor for its benefit in this District.

12. The Defendant, **PATEL**, is an individual, doing business as Days Inn, which employed the Plaintiff to labor for its benefit in this District.

13. The Defendant, **SAKARIA**, is an individual, doing business as Days Inn, which employed the Plaintiff to labor for its benefit in this District.

14. The Defendant, **DAYS INN** lists its Registered Agent as DEEPAK SAKARIA, with an address at 905 11th Court West, Birmingham, Alabama 35204, who is over the age of nineteen and a resident of Jefferson County.

15. The Defendants **PATIDAR, PATEL** and **SAKARIA** are individually liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing and controlling when and how long Plaintiff would work at **DAYS INN**, Inc. Additionally, the individual Defendants had sole authority in controlling payment to Plaintiff for her time worked at **DAYS INN**.

16. Days Inn, Patidar, Patel and Sakaria are collectively referred to as "Defendants."

17. The Defendants are engaged in the business of owning and operating motel properties located in Birmingham, Alabama.

18. The Defendants are an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

19. The Defendants are considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not otherwise exempt from the requirements of this Act.

## FACTUAL ALLEGATIONS

20. The Plaintiff has been employed by the Defendants since the year 2002.

21. The Plaintiff ended her employment with the Defendants on or about March 9, 2018.

22. The Plaintiff is an employee who was engaged in interstate commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, the Defendant Days Inn is a franchise and/or is affiliated with a national motel company, advertising nationwide and renting their rooms to guests from states throughout the nation.

23. The Defendants employed the Plaintiff as a laborer, tasked with the duties of cleaning motel rooms; laundering the linens and towels used by guests of the motel; and, cleaning common areas occupied by motel guests, i.e. lobby, restaurant area, parking lot and hallways.

24. Plaintiff was typically required to work Monday through Saturday or 6 days per week.

25. Plaintiff was typically required to work approximately seventy (70) hours a week.

26. Plaintiff was not paid for all the hours she worked during a workweek.

27. Plaintiff was not paid an overtime rate for the entirety of her time working for the Defendants, for hours above 40 hours per week.

28. Plaintiff is not exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act.

29. Plaintiff was supervised and paid by two managers, who use the names of Dennis and Desma.

30. The Defendants have a duty to maintain certain records under 29 U.S.C. § 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate her damages in this case.

31. The Defendants have willfully failed to comply with the minimum wage provisions of the Fair Labor Standard Act, 29 U.S.C. § 206, specifically by failing to pay the Plaintiff for all the hours she worked.

32. Further, the Defendants have willfully failed to comply with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay the Plaintiff at the premium overtime rate for each hour over forty she worked in a work week.

## COUNT ONE –

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

33. The Plaintiff re-alleges paragraphs 1 through 32 as though fully set forth herein.

34. The Defendants failed to compensate the Plaintiff for all hours worked during her employment.

35. The Defendants' failure to comply with the law was willful.

36. The Defendants, by such failure, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' willful violations of her rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b); and,

B. All reasonable costs and attorney's fees, pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b).

## COUNT TWO –

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

37. The Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. The Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked above forty (40) in a work week.

39. The Defendants' failure to comply with the law was willful.

40. The Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' willful violations of her rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b); and,

B. All reasonable costs and attorney's fees, pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b).

## COUNT THREE –

## VIOLATIONS OF

## THE JACK WILLIAMS AND MERIKA COLEMAN ACT

41. The Plaintiff re-alleges paragraphs 1 through 40 as though fully set forth herein.

42. The Defendants knowingly created and perpetually confirmed the impression for the Plaintiff that she would not be able to claim overtime wages given her undocumented status.

43. The Defendants relied on Plaintiff's undocumented status in justifying not paying her wages and overtime rate.

44. The Defendants coerced and intimidated Plaintiff when she complained about not being paid for all her hours worked and for not being paid an overtime rate.

45. In reliance upon this deception, the Plaintiff remained in servitude to the defendant while working nearly thirty (30) hours a week in overtime while continuously having her requests for all hours and overtime pay rejected by the Defendants.

46. The Defendants' deceptions were willful and malicious and made for the sole purpose of engaging undocumented laborers into labor servitude.

47. The Defendants, by making such deceptions and engaging in labor servitude practices, willfully and maliciously violated the Jack Williams and Merika Coleman Act.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

B. All amounts of actual damages, compensatory damages, punitive damages, injunctive relief and any other appropriate relief.

C. All reasonable costs and attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and the Jack Williams and Merika Coleman Act, Alabama Code, §13A-6-157 and §13A-6-158.

Respectfully submitted,

***/s/ Freddy Rubio***
Freddy Rubio
ASB-5403-D62R
Attorney for Plaintiff

/s/ *Charline Whyte*
Charline Whyte
ASB-1647-O80G
Attorney for Plaintiff

**OF COUNSEL:**

**RUBIO LAW FIRM, P.C.**
438 Carr Avenue – Suite 1
Birmingham, Alabama 35209
Telephone:  (205) 443-7858
Facsimile:   (205) 443-7853
frubio@rubiofirm.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**SERVE THE DEFENDANT BY SPECIAL PROCESS SERVER:**

**RKN HOSPITALITY, LLC**
d/b/a **DAYS INN**
c/o Deepak Sakaria
905 11th Court West,
Birmingham, AL 35204

**MAHENDRA PATIDAR**
c/o Deepak Sakaria
905 11th Court West,
Birmingham, AL 35204

**RITESH PATEL**
c/o Deepak Sakaria,
905 11th Court West,
Birmingham, AL 35204

**DEEPAK SAKARIA**
c/o Deepak Sakaria
905 11th Court West,
Birmingham, AL 35204