# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **HEYDI GONZALEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   2:18-cv-825-SGC |
| | ) |
| **RKN HOSPITALITY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

COMES NOW, the Parties, by and through their respective counsel of record, and respectfully request this honorable Court for an Order approving the proposed FLSA settlement reached between the Plaintiff and the Defendants (hereinafter, collectively "Parties"). Accordingly, the Parties states as follows:

1. This matter involves claims brought by Plaintiff Heydi Gonzalez (Ms. Gonzalez) and Defendants RKN Hospitality, LLC (d/b/a "Days Inn), Mahendra Patidar, and Deepak Sakari (hereinafter referred collectively as Defendants) for unpaid wage and overtime under the Fair Labor Standard Act (FLSA) and violations to the Jack Williams and Merika Coleman Act, Alabama Code § 13A-6-157 (Doc.1.).  Defendants denied all allegations, and defended the same, both on factual and legal basis.

1

2. On August 30, 2018 the claims against Defendant Ritesh Patel were dismissed.

3. Through initial factual disclosures and other formal and informal discovery, the Parties have analyzed payroll and personnel data, including but not limited to, payroll and time records, in connection with the evaluation and negotiation of this settlement. The parties to the Agreement have had a full opportunity to discuss the payroll, personnel, and other data relating to the Plaintiff, her job responsibilities, the hours she worked and the compensation she received.

4. On January 21, 2019, the Parties reached a settlement that encompassed the FLSA claims, the alleged violations of the Jack Williams and Merika Coleman Act and any other claims that Plaintiff might allege against Defendants. The Parties have executed a Settlement Agreement, Release and Waiver (the Agreement) setting forth the terms of the settlement and a copy (under seal) can be provided upon request of the Court. The Parties respectfully request that the terms of the Agreement not be made part of the Record in this case.

5. This compromise settlement of the FLSA claims was reached due to uncertainties regarding the Plaintiff's recovery under the FLSA and uncertainties regarding the Defendants' defenses. Defendants deny that they owe Plaintiff any compensation and further deny that she worked the hours that she alleges that she

worked. Accordingly, in an effort to avoid potentially protracted ligation, the Parties agreed to settle Plaintiff's FLSA claims and any other claim that she might have against Defendants.

6. It is stipulated between the Parties that the settlement amount reflected in the Agreement represent a fair and reasonable compromise of the claims for unpaid compensation and damages. Plaintiff accordingly executed a release of all FLSA and other claims that accrued or could have otherwise been brought against the Defendants as of the time of the Release was executed. It is further stipulated between the Parties that the Release does not prohibit Plaintiff from bringing any claims or causes of action that arise and/or accrue after the date of the Release was executed.

7. Counsel for the Parties have ample experience in employment matters and understand the legal issues and obstacles and believe the settlement to be in each Party's best interest.

8. Plaintiff's Counsel has discussed this settlement, its terms, and the allocated compensation with the Plaintiff. Counsel believes the Plaintiff is informed regarding same and desires that this Honorable Court approve the settlement as proposed.

9. Short of a final judgement after trial on the merits, there are only two ways to settle an FLSA claim authoritatively – in an administrative process supervised by the Wage and Hour Administration of the United states Department of Labor or by judicial approval of a compromise settlement, entered as a final judgement in an action brought under the FSLA. *See Brooklyn Savings Bank v. O'Neal, 324 U.S. 697 (1945); Lynn's Food Stores, Inc v. United States, 679 F. 2d 1350, 1352-53 (11th Cir. 1982); Stalmaker v Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003).*

10. In light of the forgoing, the Parties respectfully request that the Court approve their Settlement Agreement, Release and Waiver referenced as a fair and reasonable disposition of the FLSA claims and defenses asserted in this action.

11. Unless deemed appropriate by the Court, the Parties do not request a hearing prior to the Court's approval of this settlement.

WHEREFORE, PREMISES CONSIDERED, the parties hereby request this Honorable Court enter an Order approving the FLSA settlement proposed herein and dismissing all counts WITH PREJUDICE.

Respectfully submitted,

| | |
|---|---|
| /s/ Charline Whyte | /s/ Michael Thompson |
| Charline Whyte | Michael Thompson |
| Sigfredo Rubio | Attorney for Defendants |

Attorneys for Plaintiff
**RUBIO LAW FIRM, P.C.**
438 Carr Avenue
Birmingham, Alabama   35209
t. 205.443.7858
e.cwhyte@rubiofirm.com

**Lehr Middlebrooks Vreeland &
Thompson, P.C.**
2021 Third Avenue North
Birmingham, AL 35202-1945
t. 205-323-9278
e-mthompson@lehrmiddlebrooks.com